UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SAJHRESA HILL, individually and on behalf of all others similarly situated, | § § § | |
| *Plaintiff* | § § | CASE NUMBER: 1:17-cv-22-LY |
| v. | § § | |
| SCOTT & ASSOCIATES, P.C., | § § | |
| *Defendant.* | § § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

1.  Plaintiff, Sajhresa Hill, ("Plaintiff" or "Hill" herein) brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA"), as well as under the Texas Debt Collection Act, Texas Finance Code Chapter 392 ("TDCA"), to obtain statutory damages, injunctive relief, declaratory relief, and other relief for the Defendant's violations of the FDCPA and the TDCA.

2.  Defendant, Scott & Associates, P.C., attempted to collect a consumer debt allegedly owed by Plaintiff, arising from a purported obligation relating to a Synchrony Bank consumer credit card. The obligation required Plaintiff to pay money arising out of a transaction in which money, property, insurance, or services were the subject thereof, and the same were primarily for personal, family, or household purposes.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, §1337(a), and pursuant to 28 U.S.C. §1367 as to Plaintiff's state law claim(s).

4. Venue is proper in the United States District Court for the Western District of Texas, Austin Division, because the acts and transactions occurred in this district and because the Defendant transacts business in this district.

## STANDING

5. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

6. Specifically, Plaintiff suffered a concrete economic injury depriving her of her ability to recover damages from Defendant Scott & Associates, P.C. because it has failed to maintain a required bond with the State to compensate Plaintiff for violations of state and federal consumer protection laws.

7. Plaintiff further suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with attempt to collect an alleged debt from Plaintiff.

## THE PARTIES

8. Plaintiff, Sajhresa Hill, is an individual who resides in Travis County, Texas.

9. Defendant, Scott & Associates, P.C. ("S & A" herein), is a Texas professional corporation and may be served with process by serving its registered agent for service of process, National Registered Agents, Inc., at the following address:

> National Registered Agents, Inc.
> 1999 Bryan St., Ste. 900
> Dallas, TX 75201-3136

## FACTUAL ALLEGATIONS

10. Plaintiff is a "consumer" as that term is defined by §1692a(3) of the FDCPA.

11. Plaintiff is a "consumer" as that term is defined by §392.001(1) of the TDCA.

12. Plaintiff incurred an alleged debt for goods and services used for personal, family or household purposes, originally relating to a Synchrony Bank credit card ("alleged debt").

13. The alleged debt is a "debt" as that term is defined by §1692a(5) of the FDCPA.

14. The alleged debt is a "consumer debt" as that term is defined by §392.001(2) of the TDCA.

15. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

16. The alleged debt was subsequently assigned or transferred to S&A sometime thereafter.

17. S & A regularly collects or attempts to collect defaulted consumer debts using the telephone and mails.

18. S & A is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

19. S & A is a law firm that has non-attorney employees who regularly make contact with debtors for the purpose of collection or adjustment of debts.

20. S & A is a "third-party debt collector" as defined in § 392.001(7) of the TDCA.

21. On or about December 1, 2016, S & A mailed a letter addressed to Plaintiff in connection with the collection of the alleged debt. A true and correct copy of the letter is attached hereto as Exhibit A and is incorporated by reference.

22. The letter conveyed information to Plaintiff regarding the alleged debt, including the identity of the current creditor, a file number, a balance due, and a demand for payment.

23. The letter was a "communication" as that term is defined in 15 U.S.C. §1692a(2).

24. The letter was "debt collection" as that term is defined by §392.001(5).

25. At the time S & A sent the subject letter (Exhibit A), S & A did not have a $10,000.00 third party debt collector surety bond on file with the Texas Secretary of State. A true and correct copy of a certificate of fact from the Texas Secretary of State indicating S & A does not have the requisite bond is attached hereto as Exhibit B and is incorporated by reference.

26. S & A illegally engaged in debt collection practice in the state of Texas at the time it sent Exhibit A to Plaintiff and at all times that it engaged in debt collection with other class members.

### COUNT I—VIOLATION OF THE TEXAS DEBT COLLECTION ACT

27. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

28. Tex. Fin. Code §392.101 provides as follows:

**Bond Requirements**

**(a) A third-party debt collector or credit bureau may not engage in debt collection unless the third-party debt collector or credit bureau has obtained a surety bond issued by a surety company authorized to do business in this state as prescribed by this section. A copy of the bond must be filed with the secretary of state.**

**(b) The bond must be in favor of:**

    **(1) any person who is damaged by a violation of this chapter; and**

    **(2) this state for the benefit of any person who damaged by a violation of this chapter.**

**(c) The bond must be in the amount of $10,000.**

29. S & A violated the TDCA by sending the attached letter to Plaintiff and engaging in debt collection with all class members without first obtaining and filing the required surety bond with the secretary of state.

## COUNT II—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

31. **15 U.S.C. §1692(e)(2)(B) of the FDCPA provides as follows:**

**FALSE OR MISLEADING REPRESENTATIONS**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

 **(2) The false representation of—**

    **(A) the character, amount, or legal status of any debt; or**

    **(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.**

32. Plaintiff alleges that S & A misrepresented that it was authorized to collect a debt when in fact it was operating illegally.

33. 15 U.S.C. §1692(f)(1) of the FDCPA provides as follows:

**UNFAIR PRACTICES**

**(f) A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

34. The FDCPA is a strict liability statute, and only one violation of the FDCPA is necessary to establish civil liability. *See In re Eastman*, 419 B.R. 711, 728 (Bankr.W.D.Tex. 2009) (stating that a false representation need not be intentional to be actionable under 1692e (citing *Pittman v. J.J. Mac Intyre Co.*, 969 F.Supp. 609, 613 (D. Nev. 1997)). As such, "the defendant's culpability is a consideration only in computing damages under the FDCPA." *Pittman*, 969 F.Supp. at 613 (citing 15 U.S.C. 1692(k)(b)).

35. S & A violated the FDCPA attempting to collect a consumer debt in Texas without having first filed a $10,000.00 surety bond with the Texas Secretary of State.  Therefore, S & A attempted to collect the underlying debt and act as a debt collector even though such activity was not permitted by law.  At the very least, such action is unfair both to Plaintiff and to "debt collectors who refrain from using abusive debt collection practices" who are competitively disadvantaged.

36. In addition, in light of the fact that S & A does not have the legal right to act as a third party debt collector in Texas, any representations that S & A made to consumers that it was a debt collector, notwithstanding the fact it was engaged in debt collection, were false and misleading statement under §1692(f).

## INJUNCTIVE RELIEF

37. Plaintiff requests that the Court grant equitable injunctive relief prohibiting and restraining S & A from engaging in debt collection in Texas without the requisite $10.000.00 bond as required by Chapter 392, Section 101 of the Texas Finance Code.

## REQUEST FOR ATTORNEYS' FEES

38. Plaintiff seeks reasonable attorneys' fees as per the TDCA and FDCPA and any other statutory or common law basis.

## CLASS ACTION

39. This action is brought by the named Plaintiff as a class action on behalf of herself and on behalf of others similarly situated ("Class" herein) in accordance with FRCP 23.

40. There are common questions of law and fact that related to or affect the rights and interests of each member of the Class against the Defendant S & A.

41. Although Plaintiff does not know of the exact number of class members at this time, the Class contains debtors who received debt collection notices from S & A and/or were subject to debt collection efforts by S & A during over the last one year prior to the filing of this lawsuit. Furthermore, Plaintiff alleges that the Class is so numerous that joinder of all such members would be impractical.

42. The relief sought by Class are essentially identical to the individual Plaintiff. The claims of the Plaintiff are typical to the claims of the Class in that all members of the Class received debt collection notices and/or subject to debt collection efforts by S & A during the time that S & A was not authorized to engage in debt collection in Texas.

43. The Plaintiff is the representative party for the Class and she is able to fairly and adequately represent the interest of the Class. No know conflict exists between the Plaintiff and the Class.

44. The claims in this lawsuit are more properly pursued as a class action as 1) the individual prosecution of the underlying could create inconsistent results and 2) there are common questions of law and fact common to the Class.

45. All of the claims of Plaintiff in this lawsuit and the Class were caused by the same set of facts and act and omissions of Defendant.

46. The Plaintiff Class is defined as all debtors who received debt collection notices and/or were subject to collection activity by S & A in connection with consumer debts for a period beginning one year prior to the filing of this lawsuit to the present.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Sajhresa Hill, individually and on behalf of others similarly situated, respectfully prays that the Defendant, Scott & Associates, P.C., be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff and the Class against Defendant as follows:

a.  The Court certify as a class all similarly situated class members as alleged in this Complaint in accordance with FRCP 23 and any other legal basis;

b.  The Court award Plaintiff, including the Class, actual and statutory damages pursuant to Texas Finance Code §392.403(a)(2);

c.  The Court award Plaintiff, including the Class, costs and attorneys' fees pursuant to Texas Finance Code §392.403(b);

d.  The Court award Plaintiff, including the Class, statutory damages pursuant to 15 U.S.C. §1692(k)(a)(2);

e.  The Court award Plaintiff, including the Class, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692(k)(a)(3) and any other applicable statute or legal basis;

f.  The Court issue a permanent injunction against S &A precluding its operation as a debt collector in Texas until it complies with the applicable provision of the Texas Finance Code.

g.  The Court award Plaintiff, including the Class, prejudgment and post judgment interest as allowed by law;

h.  The Court grant Plaintiff, including the Class, such further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

/s/Brent A. Devere
Brent A. Devere
SBN#00789256
1411 West Avenue, Suite #200
Austin, Texas 78701
Ph: 512-457-8080 Fax: 512-457-8060
Email: BDevere@1411west.com

Tyler Hickle
State Bar No. 24069916
4005C Banister Lane, Suite. 120C
Austin, Texas 78704
Ph: (512) 289-3831 Fax: (512) 870-9505
Email: tylerhickle@hicklelegal.com

*Attorneys for Plaintiff*